```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――

**PANAMAX INTERNATIONAL SHIPPING COMPANY LTD.,**
                 **Petitioner,**

     - against -

**AAT GLOBAL LTD., ET AL.,**
                 **Respondents.**

24-cv-3512 (JGK)

**MEMORANDUM OPINION AND ORDER**

―――――――――――――――――――――――――――――

**JOHN G. KOELTL**, District Judge:

The petitioner, Panamax International Shipping Company Ltd ("Panamax"), brought an arbitration subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 21 U.S.T. 2517, and Chapter Two of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-08, against Respondent AAT Global Ltd. ("AAT").[1] AAT failed to appear at the arbitration proceedings, and on March 4, 2024, the Arbitration Panel issued an award finding AAT liable in the amount of $385,262.39 (the "Award"). The Arbitration Panel also concluded that Panamax could seek enforcement of the Award against AAT's parent, Himadri Speciality Chemicals Ltd. ("Himadri") in the event that AAT failed to pay. The petitioner subsequently brought this action against both AAT and Himadri (collectively,

―――――――――――――
[1] The arbitration involves "parties domiciled or having their principal place of business outside the enforcing jurisdiction," Bergesen v. Joseph Muller Corp., 710 F.2d 928, 932 (2d Cir. 1983), and is therefore non-domestic and subject to the New York Convention, see Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc., 126 F.3d 15, 18-19 (2d Cir. 1997).

"the respondents"), seeking to confirm the Award and requesting that judgment be entered in the amount of $385,262.39, plus post-judgment interest. See ECF No. 1.

This Court issued an Order to Show Cause, directing the respondents to show cause, upon written submission, why an Order should not be entered recognizing and confirming the Award, and for judgment thereon. See ECF No. 11. AAT and Himadri failed to respond. In its Reply Memorandum of Law, Panamax advised the Court that it had received payment from the respondents in the amount of $331,567.70 but that the respondents had failed to pay the remaining $53,698.69. See ECF No. 13. Panamax brought another Order to Show Cause to recover the amount outstanding, see ECF Nos. 15, 18, and AAT and Himadri once again failed to respond.

"The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Yusuf, 126 F.3d at 23 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)).[2] By contrast, the burden on a party seeking to vacate an arbitration award is significant. "To avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

2

avoiding long and expensive litigation, arbitral awards are subject to very limited review." Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 588 (2d Cir. 2016).

In cases arising under the New York Convention, as this case does, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in [Article V of the New York] Convention." 9 U.S.C. § 207. Article V provides that a court need not enforce an arbitral award where:

> (a) The parties to the agreement . . . were . . . under some incapacity, or the said agreement is not valid under the law . . .; or
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings . . .; or
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration . . .; or
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties . . .; or
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

New York Convention art. V(1). "Enforcement may also be refused if 'the subject matter of the difference is not capable of settlement by arbitration,' or if 'recognition or enforcement of the award

3

would be contrary to the public policy' of the country in which enforcement or recognition is sought." Yusuf, 126 F.3d at 19 (quoting New York Convention art. V(2)).

Where an arbitration subject to the New York Convention is conducted in the United States or pursuant to United States law, as was the case here, "the domestic provisions of the FAA also apply, as is permitted by Articles V(1)(e) and V(2) of the New York Convention." Scandinavian Reins. Co. Ltd. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012); see also Yusuf, 126 F.3d at 21-23 ("We read Article V(1)(e) of the Convention to allow a court in the country under whose law the arbitration was conducted to apply domestic arbitral law, in this case the FAA, to a motion to set aside or vacate the arbitral award.").

As with arbitration awards under the New York Convention, under the FAA "[a]rbitral awards may only be vacated on extremely limited grounds." Longyan Junkai Info. Tech. Co., Ltd. v. Amazon.com Servs. LLC, No. 23-cv-4869, 2023 WL 8602839, at *5 (S.D.N.Y. Dec. 12, 2023). Section 10(a) of the FAA sets forth four grounds for vacatur of an arbitration award: (1) "corruption, fraud, or undue means" in the procurement of the award; (2) "evident partiality or corruption in the arbitrators"; (3) "where the arbitrators were guilty of misconduct; or (4) "where the arbitrators exceeded their powers,

4

or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10(a)(1)-(4). A "judicially-created" ground also allows for vacatur where "an arbitrator has exhibited a manifest disregard of law." Jock v. Sterling Jewelers Inc., 646 F.3d 113, 121 (2d Cir. 2011) (quoting Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 208 (2d Cir. 2002)).

In this case, the respondents have not shown that any condition in Article V of the New York Convention applies. Similarly, they have provided no evidence that the Award was procured by corruption, fraud, or undue means. Finally, they have not alleged that the arbitrators were corrupt or guilty of misconduct, or that they exceeded their powers. Accordingly, the respondents have not provided any grounds to vacate, modify, or correct the Award.

## Conclusion

For the foregoing reasons, the petitioner's petition to recognize, confirm, and enforce the Award is **granted.** The Clerk is directed to enter a judgment in favor of the petitioner confirming the arbitration award and finding AAT and Himadri liable to the petitioners in the amount of $53,698.69, plus

post-judgment interest. The Clerk is directed to close this case.

**SO ORDERED.**
**Dated:**     **New York, New York**
              **September 24, 2024**

_____
John G. Koeltl
United States District Judge